# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RICH ELBERT, JEFF A. KOSEK, REICHMANN LAND & CATTLE LLP, LUDOWESE A.E. INC., and MICHAEL STAMER, | Case No. 25-cv-3668 (KMM/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| BROOKE ROLLINS, PATRICIA SWANSON, and DIRECTOR OF THE FEDERAL CROP INSURANCE CORPORATION, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Set Aside or Vacate Entry of Default and for Additional Time to Respond to Complaint (Dkt. No. 20). Summonses were returned executed on December 9, 2025, showing service occurred on the three Defendants on November 19, 2025. (Dkt. Nos. 10–12.) No answers were filed by the January 20, 2026 deadline, however, and the Court ordered Plaintiffs to notify Defendants of their obligation to respond to the Complaint and of the risk of default if they did not. (Dkt. No. 13.) Plaintiffs complied with the Court's order and notified Defendants. (Dkt. No. 14). When Defendants did not file an answer or a stipulation for an extension of time to answer by the new deadline of February 20, 2026, Plaintiffs applied for default, and the Clerk of Court entered default against Defendants on February 24, 2026. (Dkt. Nos. 14–

17.) The Court alerted Defendants to the default in a letter dated March 6, 2026. (Dkt. No. 18.)

Defendants filed the motion to set aside the default on March 11, 2026. (Dkt. No. 20.) They explain that the initial status of service of process was uncertain, as the U.S. Attorney's Office has no record of ever having been served with a paper copy of the Complaint. (Defs.' Mot. Set Aside Default at 1.) Defendants concede that Plaintiffs have since provided evidence that the Complaint was indeed served and received, and Defendants do not contest the validity of service. (*Id.* at 1–2.) Defendants also acknowledge that a stipulation for an extension of time to answer was discussed with Plaintiff's counsel but was never finalized, due to other work on immigration habeas cases and a staffing shortage in the U.S. Attorney's Office. (*Id.* at 2.) Defendants assert there is good cause to set aside the default, and they ask for an extension of time until March 18, 2026, to answer or otherwise respond to the Complaint. (*Id.* at 1, 3.) Plaintiffs filed a response to the motion on March 16, 2026, stating they take no position on it. (Dkt. No. 22.)

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The Court finds here that Defendants' conduct was not blameworthy or culpable, as the status of service was initially uncertain; Defendants' counsel made some attempt to stipulate to an extension with Plaintiffs' counsel; and Defendants' counsel was otherwise occupied with immigration

2

habeas cases. At this stage of the case, it is not known whether Defendants have a meritorious defense, so this consideration is neutral. Plaintiffs do not claim they would be prejudiced if the default is set aside. On balance, the Court finds good cause to set aside the entry of default.

Good cause is also the legal standard governing a request for an extension of time to answer or otherwise respond to a complaint. Fed. R. Civ. P. 6(b)(1). Because the time to answer has already expired, however, the Court must also find excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is a flexible concept "that empowers courts to accept, where appropriate, late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (cleaned up). The Court may consider any relevant circumstance, but four factors are particularly important: (1) the possibility of prejudice to the other party, (2) the length of the delay, (3) the reasons for the delay, and (4) whether the moving party acted in good faith. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999).

The good-cause and excusable-neglect considerations overlap, and the Court considers them together. As the Court has already noted, Plaintiffs have not claimed they would be prejudiced by the extension of time. The Court has accepted Defendants' reasons for the delay, and there is no indication that Defendants have not acted in good faith in this case. The proposed extension to March 18 is only about two months from the original January 20 deadline and one month from the extended February 20 deadline. Taking all relevant considerations into account, the Court finds that Defendants have shown both good

cause to extend the deadline to answer and excusable neglect for their failure to meet the deadline. The Court will extend the deadline for Defendants to answer or otherwise respond to March 18, 2026.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside or Vacate Entry of Default and for Additional Time to Respond to Complaint (Dkt. No. 20) is **GRANTED**, as follows:

1. The Clerk's Entry of Default (Dkt. No. 17) shall be **SET ASIDE**; and

2. The deadline for Defendants to answer or otherwise respond to the Complaint is extended to **March 18, 2026**.

Dated: March 16, 2026

_s/ John F. Docherty_
JOHN F. DOCHERTY
United States Magistrate Judge

4